BOARD OF COUNTY COMMISSIONERS OF LAKE COUNTY,
APPELLANT, *v.* SUPANICK, AUDITOR, APPELLEE, ET AL.

[Cite as County Commrs. v. Supanick (1972),
32 Ohio St. 2d 45.]

(No. 72-262—Decided November 22, 1972.)

46

*Mr. Fred V. Skok*, prosecuting attorney, and *Mr. Theodore R. Klammer*, for appellant.

*Mr. Fred V. Skok*, prosecuting attorney, and *Mr. John Shoop*, for appellee.

STERN, J. The question herein is whether the subject property has properly been denied an exemption under R. C. 5709.08 as "public property used exclusively for a public purpose" because the actual physical use has not yet commenced. To so hold would be to deny a proper entity relief from a tax burden on property purchased with the sole intention of developing it for a purpose which would allow its tax exemption under R. C. 5709.08.

There is nothing in the record to indicate that the subject property is intended, or is being used, for other than public purposes, and the legislative purpose* of R. C. 5709.08 would be equally well served by permitting the exemption at times during which the property is being held and prepared for uses cognizable under R. C. 5709.08.

In paragraph one of the syllabus of *Carney* v. *Cleveland City School Dist. Library* (1959), 169 Ohio St. 65, this court held that the fact that actual physical use of the property for the exempt purpose had not yet commenced was not enough to deprive the property of its entitlement to be exempted from taxation, so long as the property was not then devoted to nonexempt or commercial use. The court stated "in instances where a structure must be built

---

*For a discussion of the purpose of R. C. 5709.08, see *Carney* v. *Cleveland City School Dist. Library* (1959), 169 Ohio St. 65, 66.

before an actual physical use can begin, in addition to the preparation of plans, the letting of bids and the actual construction, quite frequently it is necessary to *procure funds*, * * *. All these matters necessarily consume time during which there can be no actual physical use.'' (Emphasis added.)

In this case, two efforts to procure funds have been defeated by the electorate. However, the land continues to be held for public purposes and feasibility studies of other forms of financing have been taken.

We hold, therefore, that where a board of county commissioners acquires real property with the ultimate purpose of devoting it to a specified use which would exempt it from taxation, such property is entitled to be exempted from taxation until such time as the ultimate purpose has been abandoned, or efforts to realize the ultimate purpose have ceased, or the property has been put to a use which would not qualify it for an exemption, even though actual physical use of the property for the intended exempt purpose has not yet begun.

The decision of the Board of Tax Appeals is unreasonable and unlawful, and it is therefore reversed.

*Decision reversed.*

O'NEILL, C. J., SCHNEIDER, HERBERT, CORRIGAN, LEACH and BROWN, JJ., concur.