Ohio Operating Engineers Apprenticeship Fund,
Appellee, *v.* Kinney, Commr., Appellant.

[Cite as Ohio Operating Engrs. v. Kinney (1980),
61 Ohio St. 2d 359.]

(No. 79-674—Decided March 26, 1980.)

*Messrs. Topper, Alloway, Goodman, DeLeone & Duffey* and *Mr. N. Victor Goodman,* for appellee.

*Mr. William J. Brown,* attorney general, *Mr. Charles M. Steines* and *Mr. James C. Sauer,* for appellant.

CELEBREZZE, C. J.   In determining the lawfulness of the board's decision, we must note that "[a]n exemption is to be granted only upon a showing that that which is claimed to be exempt is clearly within the express meaning of the statute granting the exemption." *Ohio Children's Society* v. *Porterfield* (1971), 26 Ohio St. 2d 30, 32. However, "this strict construction must be tempered with reason." *Carney* v. *Cleveland City School Dist. Public Library* (1959), 169 Ohio St. 65, 67.

R. C. 5709.07 states, in pertinent part:

"* * *public colleges and academies and all buildings connected therewith, *and all lands connected with public institutions of learning,* not used with a view to profit, shall be exempt from taxation.* * *" (Emphasis added.)

There are three conditions which must be met for land to qualify for an exemption under this statute. There must be an institution of public learning, the land must be connected with that institution, and the land must not be used with a view to profit.

It is conceded that appellee operates an institution of public learning. This concession is manifested by the 50-acre exemption under R. C. 5709.07 contained in the order of the Commissioner of Tax Equalization.

It is also clear that the approximately 180 acres which were not given an exemption are not being held with a view to

profit. Patrick Lynch, administrator of the Fund, testified before the Board of Tax Appeals that any sale for profit would be contrary to the terms of the Fund and that, as a consequence, the Fund had turned down opportunities to sell timber, coal, gas, and the land itself, at a profit.

Appellant argues, though, that because the 180 acres of land is not being used and plans for its use are vague the land is not sufficiently connected with the institution of learning to qualify for an exemption under R. C. 5709.07.

In *Denison University* v. *Bd. of Tax Appeals* (1965), 2 Ohio St. 2d 17, this court, at page 21, quoted, with approval, the following language from *Kenyon College* v. *Schnebly* (1909), 12 C.C. (N.S.) 1, 5, affirmed (1909) 81 Ohio St. 514: " * * * we think it was the purpose [of R. C. 5709.07] to exempt all buildings that were with *reasonable certainty* used in furthering or carrying out the necessary objects and purposes of the college." (Emphasis *sic.*)

This court also held in *Denison University,* at page 22, that "[t]he land not occupied by buildings, and connected with Denison University, a public institution of learning, is also exempted from taxation by * * *[R. C. 5709.07] if 'not used with a view to profit.' "

In *Denison University,* this court used the 1851 version of Section 2, Article XII of the Ohio Constitution, to interpret what is now R. C. 5709.07, which was enacted while that version was in effect. The 1851 version stated:

"Laws shall be passed, taxing, by a uniform rule, all moneys, credits, investments***, and also all real and personal property, according to its true value in money; but burying grounds, public schoolhouses, houses used exclusively for public worship, *institutions of purely public charity,* public property used exclusively for any public purpose***may, by general laws, be exempted from taxation***." (Emphasis added.)

Appellant argues that the 1851 version of Section 2, Article XII, only grants the exemption to land with a definite, planned use at the time the exemption is requested. While it is true that R. C. 5709.07 must be construed to be constitutional under the 1851 version of Section 2, Article XII, that section only requires that there be an institution of purely public chari-

ty, not that the use be a present use. As discussed above, the Fund is a qualifying institution similar to Denison University.

The issue espoused in *Denison* was whether there was a reasonable certainty that the land would be used in a qualifying manner. This court has decided two other cases which have allowed exemptions for land which was not presently used for the qualifying purpose. Appellant argues that both of these cases are distinguishable because they involved definite plans for future use.

In *Holy Trinity Church* v. *Bowers* (1961), 172 Ohio St. 103, this court held that the intent to use land for the erection of a church was sufficient for that land to be granted an exemption as a house "used exclusively for public worship" pursuant to R. C. 5709.07, despite the fact the church had not been built at the time the request was made. This court held, at page 107, that a nongovernmental entity must have ownership "***coupled with the purpose, supported by tangible evidence, that the property will be devoted to an actual physical use for the public benefit. The intent to use such property for an exempt purpose must be one of substance and not a mere dream that sometime in the future, if funds can be obtained, the entity would so use such property. In other words, it must be shown that the entity, at the time the application for exemption is made, is actively working toward the actual use for the public benefit. Evidence that surveys have been made and plans drawn or that active fund-raising campaigns are being carried on is indicative that the exempting use will be made of the property within a reasonable time."

In *County Commrs.* v. *Supanick* (1972), 32 Ohio St. 2d 45, this court held that the intent to construct a hospital, although delayed indefinitely due to the failure of the electorate to approve bond issues on two occasions, was sufficient to qualify undeveloped land for an exemption under R. C. 5709.08 as publicly held property "used exclusively for a public purpose." This court held that the exemption would continue to exist until such time as, among other things, the exempted purpose was abandoned or ceased to exist.

These cases make it clear that a showing of intent to use the land for the qualifying public purpose is sufficient to demonstrate a reasonable certainty of such use even where,

under the statute, the use must be exclusively for the designated public purpose. In the case at bar the land need only be connected with the institution, not used exclusively for that purpose as was true in *Bowers* and *Supanick.*

We hold that unused land can qualify for an exemption under R. C. 5709.07 as land connected with a public institution of learning, if the evidence shows that the needs of the institution make present use of the land impractical and that there is an intent to use the land at some reasonable time in the future for the purposes and objectives of the institution.

In the case at bar, we are faced with an institution of learning which requires great flexibility in the use of its land. As Lynch testified, all work done on the land is a part of the institution's training program. To date, all work, except the actual erection of the buildings, has been performed by the students. Dams will be built and areas cleared, according to the pace required to train the institution's students. Some areas are to be cleared and used many times over for training in basic skills. Eventually these areas will no longer be useful and such training will move on to other areas on this tract of land. These plans may not be definite in time or manner, but the clear intent to progressively use the land, coupled with the need for land for expansion and the need for flexibility in planning such expansion, make it reasonably certain that the entire tract of land will be used within a reasonable time to train apprentices and journeymen in the use and maintenance of heavy equipment.

The decision of the Board of Tax Appeals granting an exemption pursuant to R. C. 5709.07 for the entire tract of land is neither unlawful nor unreasonable.*

The decision of the Board of Tax Appeals is affirmed.

*Decision affirmed.*

HERBERT, P. BROWN, SWEENEY, LOCHER and HOLMES, JJ., concur.

W. BROWN, J. concurs in the judgment.

---

* We need not consider the exemption claim under R. C. 5709.12.